UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ABDULLAH DREW-HAKIM, ) | |
| aka Antoine D. Drew, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 13-CV-3330 |
| ) | |
| CHAPLAIN TWADDELL, ) | |
| ) | |
| Defendant. ) | |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Western Illinois Correctional center, seeks leave to proceed in forma pauperis.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he was not allowed to participate in Ramadan in 2012 because Defendant Twaddell determined that Plaintiff had not submitted his request at least 45 days before Ramadan began.  Plaintiff asserts that administrative regulations do not require 45-day notice and, in any event, Plaintiff would have been unable to comply with the 45-day notice because he was transferred to Western Correctional Center shortly before Ramadan began.  Plaintiff contends that the 45-day notice requirement is not supported by legitimate penological reasons, particularly in Plaintiff's situation.

Prisoners have a First Amendment right to reasonable opportunities to practice their religion, subject to the legitimate penological concerns of the prison.  Maddox v. Love, 655 F.3d 709 (7th Cir. 2011); Ortiz v. Downey, 561 F.3d 664, 669 (7th Cir. 2009). The Religious Land Use and Institutionalized Persons Act (RLUIPA) also protects an inmate's right to practice his religion, forbidding a substantial burden on that exercise unless the burden furthers a compelling government interest and is the least restrictive means of achieving that interest.  42 U.S.C. § 2000cc-1(a).

Plaintiff states an arguable First Amendment claim. A developed record is needed to determine whether a legitimate reason rationally supported the denial of Plaintiff's request to participate in Ramadan. As for RLUIPA, only injunctive relief is available under RLUIPA, not damages. Grayson v. Schuler, 666 F.3d 450, 451 (7th Cir. 2012). Plaintiff does not seek injunctive relief. This case will therefore proceed only on Plaintiff's First Amendment claim. If Plaintiff intends to seek injunctive relief, he should file an amended complaint explaining the injunctive relief he seeks.

Plaintiff's motion for the Court to try to recruit pro bono counsel on his behalf is denied. The most the Court can do is ask for volunteer counsel. In determining whether the Court should attempt to find an attorney to voluntarily take the case, the question is "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff does not set forth his education but his complaint is well written, demonstrating knowledge of the relevant facts and law. His claim is relatively simple. He already has personal knowledge of the events giving rise to his claim and has

attached relevant evidence. Plaintiff therefore appears competent to proceed pro se in light of the relative simplicity of his claim.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a First Amendment religious practice claim based on the denial of his request to participate in the Ramadan celebration. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Plaintiff's claim based on the Religious Land Use and Institutionalized Persons Act is dismissed because only injunctive relief is available under that Act.

3) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be

denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    4)    The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

    5)    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    6)    Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under

the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

    7) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) **If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**IT IS FURTHER ORDERED:  (1) The clerk is directed to attempt service on Defendants pursuant to the standard procedures; and, (2) Plaintiff's motion for the appointment of counsel is denied (d/e 4).**

ENTERED: October 30, 2013

FOR THE COURT:

        /Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE